# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO EDGAR V. R.,[1] (A Number: 201-222-069)<br><br>Petitioner,<br>v.<br><br>GERALD MOSS, et al.,<br><br>Respondents. | Case No. 1:26-cv-05346-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

Mario Edgar V. R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that they should be immediately released because they have been detained for longer than the six-month presumptively reasonable period of detention and there is good reason to believe his removal is not significantly likely to occur in the reasonably foreseeable future.

The Court hereby takes judicial notice of *Valverde-Real v. Wofford*, No. 3:26-cv-01435-KC, in the Western District of Texas.[2] In that petition, Petitioner claimed he was being unlawfully

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). The Texas action commenced following transfer from this Court on May 18, 2026, in *Valverde-Real v. Wofford*, No. 1:26-cv-03469-DJC-CKD, as venue was then proper in Texas. (26-3469, Doc. 7.)

detained in violation of his due process rights. Petitioner claimed he should be released because removal was not likely in the reasonably foreseeable future. On June 4, 2026, the Texas Court granted the petition in part, directing Respondents to provide Petitioner with a bond hearing before an Immigration Judge (IJ) or to release Petitioner under reasonable conditions of supervision. (*See* Doc. 15-1 at 13-20 [Ex. B].) On June 8, 2026, an IJ issued an order denying custody redetermination. *(See id*. at 21-23 [Ex. C].)[3] On July 12, 2026, Petitioner refiled the petition and commenced the instant case. (Doc. 1). The claim presented here is the same claim addressed in the prior case. The instant petition does not reference the prior proceedings in Texas. Other than the passage of time and the location of Petitioner's detention, nothing has changed. Rule 9(b) of the Fed. Rules Governing § 2254 Cases[4] provides:

> "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

The prior petition was granted in part, and Petitioner fails to establish any new or different grounds for relief, or any new factual developments, in this action. To the extent Petitioner now argues, in his reply to Respondents' motion to dismiss, (*see* Doc. 14), that the bond hearing held June 8, 2026, in the Texas action was inadequate,[5] that argument should be presented to the Texas court by way of a motion. *See*, *e.g*., *Kumar v. Warden, Golden State Annex Facility*, No. 1:26-cv-02620-

---

[3] The order states:

> The DHS has proven by clear and convincing evidence that the respondent poses an extreme flight risk if released on bond and is properly detained without bond. The respondent was ordered removed from the United States April 21, 2023, by an immigration judge after being properly notified of his removal hearing and failing to appear. This removal order was affirmed on appeal by the Board of Immigration Appeals on April 23, 2026, and is now final. The respondent has no way to lawfully remain in the United States but desires to do so and is highly unlikely to depart the United States unless detained. The respondent is properly detained without bond and the Court declines to set bond in this case.

[4] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

[5] Petitioner argues the IJ in Texas "was not aware that Petitioner's petition for review remained pending before the Ninth Circuit Court of Appeals, or that the Ninth Circuit's temporary stay of removal remained in effect." (Doc. 15 at 3). As of today's date, the Ninth Circuit case titled *Valverde-Real v. Blanche*, number 26-2915, remains pending and briefing has been scheduled.

DAD-AC (HC), 2026 WL 2020349, at *1 (E.D. Cal. July 13, 2026) (adopting recommendation to dismiss petition where magistrate judge found the petition "seeks review of a bond hearing held by an immigration judge pursuant to the order of the district court in a prior action, that petitioner had not appealed the immigration judge's bond decision and accordingly that this petition would more properly be filed as either a motion to enforce the court's order in the prior action or as a separate habeas action only after exhaustion of administrative remedies"); *Swaso v. Department of Homeland Security*, No. CV 25-06012 MRA (KS), 2026 WL 562000, at *1 (C.D. Cal. Jan. 28, 2026) (adopting findings and recommendations to dismiss petition "under the first-to-file rule, because it is duplicative of an already-adjudicated habeas petition that Petitioner earlier filed with the United States District Court for the Middle District of Georgia"); *Kudirka v. Reno*, No. CIV.A. 02-2053, 2002 WL 1635467, at *1 (E.D. La. July 11, 2002) (transferring action to United States District Court for the Eastern District of Pennsylvania and stating: "this district court is without jurisdiction or authority to determine whether the petitioner has complied with the Pennsylvania district court's prior dismissal order such to warrant reopening of a dismissed and closed case. That is an issue to be addressed by the Pennsylvania district court"). In any event, the undersigned finds that the subsequent petition filed in this Court is duplicative of Petitioner's first petition decided by the United States District Court for the Western District of Texas. Thus, the Court finds the instant petition to be an abuse of the writ.

Accordingly, the Court will recommend summarily dismissing the petition for the same reasons stated in the prior denial and as an abuse of the writ.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document

should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE